

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NOS.**
**WR-85,399-01**
**WR-85,399-02**
**WR-85,399-03**
**WR-85,399-04**

**EX PARTE JOHN WILLIAM KITCH, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS**
**CAUSE NOS. 2012-218-C1A, 2012-219-C1A, 2012-221-C1A, AND 2012-222-C1A**
**IN THE 19TH DISTRICT COURT FROM McLENNAN COUNTY**

*Per curiam*.

# O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted in four indictments of multiple counts of online solicitation of a minor and was sentenced to ten years' imprisonment.

Applicant argues that this Court held the statute of conviction, Texas Penal Code § 33.021(b), unconstitutional in *Ex parte Lo*, 424 S.W.3d 10 (Tex.Crim.App. 2013), so the convictions should be set aside. *See Ex parte Chance*, 439 S.W.3d 918 (Tex.Crim.App. 2014). There are no findings from the trial court.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall make findings regarding whether Applicant is entitled to habeas relief. *See Ex parte Lo*, *supra*; *Ex parte Chance*, *supra*. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 14, 2016
Do not publish